UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VALERIE FAIRRES and
BRIAN FAIRRES, husband and wife,

    Plaintiff,

    v.                                                                   CIV. NO. 08-1183 WJ/ACT

THOMAS BYRNE, M.D., DEMING HOSPITAL
CORPORATION d/b/a MIMBRES MEMORIAL
HOSPITAL, COMMUNITY HEALTH SYSTEMS, INC.
COMMUNITY HEALTH SYSTEMS PROFESSIONAL
SERVICES, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on a Stipulated Order for In Camera Review of Defendant Mimbres Memorial Hospital's Credentialing File on Thomas J. Byrne, M.D., filed August 24, 2009 [Doc. 36]. Plaintiffs have requested that Defendant Mimbres Memorial Hospital ("MMH") produce Dr. Bryne's entire credentialing file. MMH has produced all but twenty-two pages of documents contained in Dr. Byrne's credentialing file. It is agreed by the parties that the Court will review the twenty-two pages of documents in camera to determine if they should be produced.

The parties agree that whether these documents should be produced is governed by the New Mexico Review Organization Immunity Act, §§ 41-9-1, *et seq.* ("ROIA"). The pertinent provision of the ROIA states as follows:

> All data and information acquired by a review organization in the exercise of its duties and functions shall be held in confidence and shall not be disclosed to anyone except to the extent necessary to carry out one or more of the purposes of the review organization or in a judicial appeal from the action of a review organization. . . .

> Information, documents or records otherwise available from original sources shall not be immune from discovery or use in any civil action merely because they were presented during proceedings of a review organization, nor shall any person who testified before a review organization or who is a member of a review organization be prevented from testifying as to matters within his knowledge, but a witness cannot be asked about opinions formed by him as a result of the review organizations hearings.

NMSA § 41-9-5. The New Mexico Supreme Court in *Southwest Community Health Services v. Smith*, 107 N.M. 196, 755 P 2d. 40 (1988), recognizing the need to balance the legislative function of promoting the health and welfare of society against the right of litigants to obtain relevant and material evidence set forth the following burdens on the parties:

> First, the party invoking the statute must "prove that the data or information was generated exclusively for peer review and for no other purpose." *Chavez v. Lovelace Sandia Health System*, 144 N.M. 578, 189 P.3d 711, 715 (N.M. App. 2008) *citing Smith*, 107 N.M. at 200, 755 P. 2d at 44. [In addition,] the party seeking to compel discovery has the "initial burden of proving relevance to the subject matter." *Id*. [I]f the court rules that the information is confidential the party seeking to compel discovery "must then satisfy the trial court that the information constitutes evidence which is critical to the cause of action or defense. If the trial court determines that the success or failure of a litigants cause of action or defense would likely turn on the evidence adjudged to fall within the scope of Section 41-9-5, then the trial court shall compel production of such evidence." *Id*. at 716 *citing Smith*, 107 N.M. at 200-01, 755 P.2d at 44-45.

In Plaintiffs' complaint, Plaintiffs assert that MMH was negligent in granting hospital privileges to Dr. Byrne. Plaintiffs claim that MMH failed to exercise reasonable diligence in obtaining and acting upon information concerning the competence of Dr. Byrne. Plaintiffs further claim that MMH knew or reasonably should have known based upon information obtained through the credentialing process and/or review organization process that Dr. Byrne should not have been granted hospital privileges.

MMH asserts that the documents at issue were created exclusively for peer review and no other purpose. MMM attached the Affidavit of Charles Hickis, Chief Quality Officer for MMH. He states that the documents at issue were:

> Established by the hospital to monitor and review the performance and qualification of Thomas Byrne, M.D. and determine whether Dr. Byrne's privileges should be limited, suspended or revoked. The data or information contained in documents attached hereto as bates numbers were generated exclusively for peer review and for no other purpose and any opinions contained in these documents were formed exclusively as a result of peer review deliberations.

[Doc. 37, Exh. 1.]

The Court has reviewed the documents and based on the record before the Court finds that they were generated exclusively for peer review and no other purpose. The Court also finds that the documents are relevant to Plaintiffs' claim against MMH.

Plaintiffs assert that based upon the cause of action asserted against MMH, Dr. Bryne's entire credential file is critical. Plaintiffs attached an Affidavit from Sue King, CPSMS, CPCS, CPHQ, who states she is an "expert in the profession of credentialing by the National Association of Medical Staff Services." [Doc. 37, Exh. B.] Ms. King states that the "entire contents" of a physicians credentialing file are "critical" to establish Plaintiffs' claims. *Id.* These self-serving and conclusory statements do not support Plaintiffs' assertions that the documents at issue in this case are critical.

Plaintiffs state in paragraph 6 on page 2 of their Response that they are aware of "deficiencies in Dr. Byrne's background and experience as a physician, including the loss of medical licensure in two other states and other medical malpractice lawsuits." Plaintiffs did not disclose where they obtained this information but presumably it was in initial disclosures or discovery provided in this case. Plaintiff have not demonstrated that they cannot obtain other information

which they believe may be essential through additional discovery.  Therefore, at this time Plaintiffs have not met their burden of criticality and the Court cannot conclude that the success or failure of Plaintiffs' cause of action against MMH "would likely turn on evidence" in his credentialing file which falls under § 41-9-5 of the New Mexico Review Organization Immunity Act.

**IT IS ORDERED** that  the Court will not compel Defendant Mimbres Memorial Hospital to produce the credentialing documents reviewed by the Court in camera.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**